MAX BROWN, LENA BROWN AND HARRY KRITZER, PLAINTIFFS-RESPONDENTS, v. BESSIE LEFKOWITZ AND FANNIE WASSERMAN, DEFENDANTS-APPELLANTS.

Submitted October term, 1928—Decided April 22, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellants, *Samuel Weitzman.*

For the respondents, *Milton M. Unger.*

PER CURIAM.

This was an action in the First District Court of Newark to recover the amount of a judgment for $500 theretofore recovered against the plaintiffs by a former tenant. The liability under which the plaintiffs' claim was made was predicated on the following facts: A lease was made by the Colonial Garage and Service Company to one Snyder, dated May 9th, 1927, at the yearly rental of $6,000 for the period of five years. At the time of the making of the lease Snyder, the tenant, made a deposit of $1,200 as security for the faithful performance of the terms of the lease. This lease was assigned to the plaintiff Brown and his wife, together with the $1,200 deposit.

On October 25th, 1927, Brown and his wife conveyed to Kritzer, and on the following day took an agreement from him whereby he assumed any liability which might exist on

the deposit. On November 2d, a few days later, Kritzer conveyed to the defendants in this action and in this deed this language is used: "The party of the second part does hereby assume any liability which may exist in favor of any tenant of the premises by reason of the sum of $1,200, deposit under the terms of a lease dated May 9th, 1927, made by Colonial Garage and Service Company to Snyder."

In the meantime, on October 27th, 1927, Brown had served a notice on Snyder to quit the premises and Snyder moved out November 1st. Snyder then brought suit against Brown and wife to recover a portion of the $1,200 and got a judgment of $500 for which this action is brought. The record of that case was offered in evidence and the judge gave judgment for the plaintiff.

The defendant appeals and urges several grounds for reversal. The first is that the plaintiffs submitted no evidence that the tenant was liable to the Browns when the judgment was recovered and that the judgment itself was insufficient to even make out a *prima facie* case of liability in the absence of the defendant as a surety being made a party or of notice of the trial. There are many authorities holding the rule to be that where the surety is not made a party the judgment is *prima facie* evidence against the surety of the liability on which it is predicated. 21 *R. C. L.* 1088, where cases are cited, including those in the Supreme Court of the United States which, in decisions ending with *Moses* v. *United States,* 166 *U. S.* 571, has so held. It is not necessary to pass on the point, however, as it appears in the record that the defendant was apprised of the action and that his counsel appeared at the trial of the case.

The remaining points do not call for discussion.

The judgment is affirmed.